# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, receiver for MAGNETBANK, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LICHTIE, an individual; BRENT BUTCHER, an individual; SUNTEX HOMES, LLC, a Utah limited liability company; DESERET SKY DEVELOPMENT, LLC, a Utah limited liability company; LINDA LUTHER, an individual; FLORENCE MEADOWS, LLC, an Arizona limited liability company; RANDELL SILCOX, an individual; DAVID M. LYONS, an individual; LYONS VALUATION GROUP, LLC, an Arizona limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:09cv502<br><br><br><br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Linda Luther ("Ms. Luther") and Florence Meadows, LLC's ("Florence") (collectively, "Defendants") motion to seal

---

[1] *See* docket no. 37.

Defendants' file.[2]  The court has carefully reviewed the motion and memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

As an initial matter, because Defendants are proceeding pro se, the court will "construe [their] pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  In addition, Ms. Luther, as a non-attorney, may not represent Florence, a corporate entity, in federal court.  *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*."); *see also United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity.").  As such, Defendants' motion applies only to Ms. Luther individually.

Ms. Luther moves this court to "seal her filings" in order to "protect [her] from the Deseret Defendants."[3]  Ms. Luther has identified the Deseret Defendants as Michael J. Lichtie;

---

[2] *See* docket no. 48.

[3] Docket no. 48 at 2.

Brent Butcher; Suntex Homes, LLC; and Deseret Sky Development, LLC (collectively, "Deseret Defendants"). Ms. Luther alleges that she is the "key witness" against the Deseret Defendants in a criminal investigation in Arizona ("Arizona Case") and should be protected from disclosing certain information in this case until the Arizona Case is resolved.[4] Based on this court's review of the instant motion, it appears that Ms. Luther seeks only to have the location of her residence withheld from the Deseret Defendants.

Federal Deposit Insurance Corporation, as receiver for Magnetbank, Inc. ("FDIC"), and David M. Lyons and Lyons Valuation Group, LLC (collectively, "Lyons Defendants") filed responses to Ms. Luther's motion. The FDIC and the Lyons Defendants argue that Ms. Luther is actually seeking a protective order under rule 26(c) of the Federal Rules of Civil Procedure rather than a wholesale sealing of the entire case. *See* Fed. R. Civ. P. 26(c). This court agrees and will treat Ms. Luther's motion to seal as a motion for a protective order.

Under rule 26(c), a party seeking a protective order must demonstrate "good cause" for the protection sought and a "certification that the movant has in good faith conferred or attempted to confer with other affected parties" to resolve the issue without court action. Fed. R. Civ. P. 26(c)(1). It does not appear that Ms. Luther has attempted to enter a stipulated protective order with the other parties nor has she provided any evidence to show that her safety may be at risk. Accordingly, Ms. Luther's motion is **DENIED** without prejudice. If Ms. Luther desires to have certain information protected, she is directed to communicate with the other parties

---

[4] Docket no. 48 at 3.

regarding the entry of a stipulated protective order. If a stipulation cannot be reached, Ms. Luther may renew her motion for a protective order, but that renewed motion must be accompanied by a certification that she has attempted to resolve the issue with the other parties without court action.

**IT IS SO ORDERED.**

DATED this 28th day of March, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge